UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID HARDY #159525,

    Plaintiff,

v.                                                       Case No. 2:13-CV-230

UNKNOWN AGEE, et al.,                     HON. GORDON J. QUIST

    Defendants.

_____/

### ORDER ADOPTING THE REPORT AND RECOMMENDATION

      Plaintiff, David Hardy, a state prisoner at a Michigan Department of Corrections (MDOC) facility, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that the remaining Defendants—Warden Duncan MacLaren, Administrative Assistance David Mastaw, and Deputy Warden Kathy Olson—violated Plaintiff's rights under the First Amendment by not allowing him to attend Islamic services and Taleem (Islamic study classes) while Plaintiff was on room restriction for refusing a work assignment. Defendants moved for summary judgment (ECF No. 55) on the basis of a lack of personal involvement in the alleged constitutional violation and qualified immunity. Plaintiff moved for summary judgment (ECF No. 57) and for default judgment (ECF No. 62), arguing that he was denied participation in Islamic services and Taleem and that Defendants' characterization of Taleem as a leisure time activity is incorrect. Magistrate Judge Timothy Greeley submitted a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion for summary judgment and deny Plaintiff's motions for summary judgment and for default judgment. (ECF No. 65.)

Plaintiff has filed objections to the R & R. (ECF No. 66.) Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted. The Court will address Plaintiff's objections in turn.

### I. Plaintiff's Objections

Plaintiff first argues that the R & R violates the Sixth Circuit orders in this case. By way of background, the Court, on initial review of the complaint, entered judgment dismissing the case on August 20, 2014. On May 8, 2015, the Sixth Circuit vacated the dismissal of Plaintiff's First Amendment claim but affirmed the dismissal of Plaintiff's RLUIPA and Fourteenth Amendment Claims. On remand, the Court dismissed Plaintiff's First Amendment claim for failure to exhaust administrative remedies. The Sixth Circuit vacated the dismissal and reinstated the First Amendment claim on March 5, 2018. Plaintiff claims that because the Sixth Circuit vacated this Court's dismissal at the initial screening phase, dismissal at the summary judgment phase would be inconsistent with the Sixth Circuit's rulings. However, the Sixth Circuit stated that "the question of whether an inmate has other meaningful ways to practice his religion goes to the issue of whether the restriction on religious practice is reasonable, an issue that may not be easily resolved *at the pleading stage*." (ECF No. 10 at PageID.190 (emphasis added).) Dismissal at the summary judgment stage, after the Court has had an opportunity to review the facts of the case, is fully consistent with the Sixth Circuit orders in this case.

Next, Plaintiff argues that Taleem is not a leisure time activity that can be taken away on room restriction. Yet, the policy directives Plaintiff cites—PD 05.03.104 and PD 03.03.105E—do not support his position and actually undercut his argument. PD 05.03.104(J) provides that prisoners who are on room restriction because of refusal to accept a work assignment are not permitted to participate in leisure time activities during the workday. PD 03.03.105E states that if a prisoner is subject to a "loss of privileges" sanction, then the prisoner will not be allowed to attend group meetings for religious study but will still be allowed to attend primary religious worship service. Thus, the policy directives indicate a distinction between primary religious worship service and religious study groups, such as Taleem, supporting the argument that Taleem is a leisure time activity that can be taken away as part of a sanction.

Plaintiff further argues that PD 05.03.150(T), which states that a "warden or FOA Regional Administrator may prohibit a religious practice only if it is a threat to custody and security," supports his contention that not allowing him to participate in Taleem violated Plaintiff's rights. However, Plaintiff fails to recognize that Defendants were not prohibiting Taleem, but rather were acting in accordance with PD 05.03.150(C) in limiting religious practice "to maintain the order and security of the facility." As Defendant Olson noted in her affidavit, prisoners who refuse work assignments "need to learn that there are consequences for refusing to engage in a job when one is offered." (ECF No. 36-3 at PageID.267.) By allowing prisoners on room restriction to still attend their primary religious services while restricting other activities, Defendants are maintaining the order and security of the facility.

Plaintiff also takes issue with the magistrate judge's determination that Defendants MacLaren and Mastaw are not liable due to lack of personal involvement. Plaintiff reiterates that he wrote letters (kites) and grievances, which were reviewed by MacLaren and Mastaw. Defendant

3

Olson reviewed Plaintiff's letter to Defendant MacLaren, and immediately reinstated Plaintiff's participation in Islamic services but denied reinstatement of participation in Taleem. However, the Sixth Circuit has stated that defendants whose "only roles in th[e] action involve the denial of administrative grievances or the failure to act . . . cannot be liable under § 1983." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Thus, the Court agrees with the R & R that Defendants MacLaren and Mastaw should be dismissed. In addition, the Court notes that, although the R & R relieved Defendant Olson of liability on the basis of qualified immunity, Defendant Olson could also be relieved of liability on the grounds that she did not engage in any active unconstitutional behavior. As soon as Defendant Olson became aware that Plaintiff was being denied attendance at weekly Islamic religious services, she corrected the "oversight." And Defendant Olson merely denied Plaintiff's request to reinstate attendance at Taleem, which is more properly characterized as a failure to act rather than any active behavior.

Finally, Plaintiff disputes the magistrate judge's determination that Defendants are entitled to qualified immunity. But Plaintiff has pointed to no authority that indicates that a prisoner on room restriction has had his rights violated if he is not allowed to attend religious study sessions, let alone clearly established federal law on that point. Thus, the Court agrees that Defendants are entitled to qualified immunity.

## II. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that the December 11, 2018, Report and Recommendation (ECF No. 65) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 55) is **GRANTED**.

4

**IT IS FURTHER ORDERED** that Plaintiff's motions for summary judgment and for default judgment (ECF Nos. 57, 62) are **DENIED.**

This case is **concluded**.

A separate judgment will enter.


Dated: January 31, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE